Charles J. ERDMAN, Jr. and Ruth A. Erdman, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. C–2–83–1170.

United States District Court, S.D. Ohio, E.D.

Oct. 7, 1985.

Michael J. Johrendt, Columbus, Ohio, for plaintiffs.

Albert R. Ritcher, Asst. U.S. Atty., Columbus, Ohio, for defendant.

## OPINION AND ORDER

KINNEARY, District Judge.

This is a taxpayer's action wherein the plaintiffs, Charles and Ruth Erdman, seek a tax refund to recover $25,484 for the 1976 tax year. Jurisdiction in this present action is based upon 28 U.S.C. § 1346(a)(1). The defendant, the United States, moves to dismiss the complaint for lack of subject matter jurisdiction.

In October, 1977 the plaintiffs filed a refund claim for the entire amount of the tax paid for the year 1976 based on the deductibility of a loss which had not been claimed on the original return. Thereafter, the Internal Revenue Service ("IRS") commenced a review of plaintiffs' federal income tax return for the years 1974, 1975 and 1976. The tax dispute was finally settled with the Appellate Division of the IRS in December, 1982. The audit and settlement were complex as the plaintiffs were involved in over 50 separate entities including corporations, subchapter S corporations, limited partnerships and general partnerships. The resulting settlement resolved all but two issues. With respect to the remaining issues, the United States reserved the right to make adjustments to income or losses stemming from two small corporations (hereinafter referred to as "builder's profits") while the plaintiffs reserved the right to pursue their claim for a refund through judicial processes.

The plaintiffs maintain that the IRS promised, as a part of the settlement, to issue Statutory Notices of Deficiency with respect to the remaining two issues. Pursuant to 26 U.S.C. §§ 6212–13, issuance of such notices would have enabled the taxpayers to litigate both issues in the Tax Court where prepayment of the tax liability is not a precondition to suit. However, due to some unspecified procedural difficulty, the IRS only issued a Statutory Notice of Deficiency for the builder's profit and a Notice of Disallowance with respect to the plaintiffs' refund claim. The plaintiffs then brought separate actions in the Tax Court and before this Court to resolve the outstanding issues. As of this date, the plaintiffs have not paid the tax liability, interest and penalties related to their claim for refund and the 1976 tax year.

The IRS moves for dismissal on the ground that 28 U.S.C. § 1346(a)(1), the pertinent jurisdictional statute in the present action, requires the prepayment of any outstanding tax liability before proceeding with an action in federal district court. 28 U.S.C. § 1346(a)(1) provides:

The district court shall have original jurisdiction ... of any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected. ...

Although the precise meaning of this statute was once disputed, it is now well-settled that prepayment of at least the outstanding tax liability is a necessary precondition to invoke jurisdiction under § 1346(a)(1). *Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960).

The plaintiffs do not dispute this interpretation of section 1346 but contend that the IRS is estopped by its conduct from asserting the jurisdictional defect. More specifically, the plaintiffs argue that the IRS represented that both issues would be included in the Statutory Notice of Deficiency which would enable the plaintiffs to litigate the issues in Tax Court without prepayment of the tax. The plaintiffs maintain that if they had known that they would not be able to proceed with the current issue in Tax Court, they would not and could not have executed the settlement agreement because of an inability to prepay the tax liability. Rather, the government would have had to issue the Statutory Notice of Deficiency covering all three years and the plaintiffs would have been in the position to litigate all of the issues in Tax Court.

**160**

In support of its position, the plaintiffs refer the Court to *Miller v. United States,* 500 F.2d 1007 (2d Cir.1974) which held that the IRS was estopped from asserting the affirmative defense that the statute of limitations had expired where the IRS inadvertently sent to taxpayers a notice of claim disallowance which led the taxpayers to believe that the period for filing suit had been extended. Likewise, in *Smale & Robinson, Inc. v. United States,* 123 F.Supp. 457 (S.D.Cal.1954) and *Tonkonogy v. United States,* 417 F.Supp. 78 (S.D.N.Y.1976), the United States was estopped from raising certain claims or defenses where the taxpayer detrimentally relied upon a misrepresentation by a government agent acting within the apparent scope of his duties.

The Court recognizes the emerging line of authority which holds that the government can be estopped on the basis of affirmative misconduct. See *Pierce v. Apple Valley, Inc.,* 597 F.Supp. 1480 (S.D.Ohio 1984). However, the Court believes that the plaintiffs' reliance upon estoppel is misplaced in this current action. Unlike the above cases cited by the plaintiff which involved conduct by government officials which estopped them from raising IRS rules and procedures as a means to defeat a taxpayer's claim or defense, plaintiffs seek to use estoppel to *create* jurisdiction in a federal district court.

Section 1346 constitutes a specific waiver of sovereign immunity and provides the jurisdictional basis for suits to recover certain overpayments of income taxes. As such, the statute must be strictly construed. *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Moreover, it is well established that the jurisdictional prerequisites to suit in federal court cannot be waived by the conduct of the parties or by estoppel. *United States v. Rochelle,* 363 F.2d 225, 230–31 (5th Cir.1966); *Potomac Passengers Assoc. v. Chesapeake & Ohio Railroad Co.,* 520 F.2d 90, 95 (D.C.Cir.1975); *United States v. Acres of Land,* 438 F.Supp. 1070, 1074 (D.Md.1977); Wright, *Federal Practice and Procedure* § 3522 (2d ed. 1984). Thus, it is clear that the plaintiffs cannot rely upon the alleged misconduct of the government to sidestep the Congressionally mandated prerequisites for bringing an action under section 1346.

Whereas the plaintiffs have failed to prepay their 1976 tax liability, they have failed to comply with the statutory prerequisites for bringing an action under section 1346. Consequently, this Court lacks subject matter jurisdiction to hear this case and must GRANT the United States' motion to dismiss.

WHEREUPON, upon consideration and being duly advised, the Court finds that the United States' motion to dismiss for lack of subject matter jurisdiction is meritorious and it is, therefore, GRANTED. This action is hereby dismissed in its entirety.

IT IS SO ORDERED.