2 F.3d 1151
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles J. ERDMAN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-3857.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1993.
 
 Before NELSON and NORRIS, Circuit Judges, and FRIEDMAN, District Judge.*
 PER CURIAM.
 
 
 1
 This is the second time this dispute has been before us. On the first appeal, we affirmed an order of the district court[1] holding that it did not have jurisdiction to entertain taxpayer's action for a refund of income taxes because he had not paid his income tax assessment for tax year 1976 in advance of filing the lawsuit. Erdman v. United States, No. 85-3926 (6th Cir. Mar. 31, 1987). In our unpublished opinion, we noted that taxpayer was not without a remedy, since, if he had correctly characterized his settlement agreement with IRS, he was entitled to a statutory notice of deficiency and, pursuant to 26 U.S.C. Sec. 6213(a),[2] would be able to obtain an injunction against collection efforts by IRS pending issuance of that notice.
 
 
 2
 Taxpayer apparently accepted this suggestion as he filed an action seeking an injunction against collection of the disputed tax. The district court proceeded to construe the settlement agreement, noting that taxpayer had always contemplated that his agreement with IRS allowed him to contest the alleged deficiency in the tax court, where prepayment is not a jurisdictional prerequisite. But IRS' version of the agreement was that taxpayer had given up his remedy in the tax court by waiving receipt of the statutory notice, a jurisdictional prerequisite to proceeding in that court. The district court agreed with the waiver argument, and concluded that it was without jurisdiction to issue an injunction. Because taxpayer's action was predicated upon the exception to the Anti-Injunction Act, 26 U.S.C. Sec. 7421, found in 26 U.S.C. Sec. 6213(a), which permits a district court to enjoin collection of a tax deficiency until IRS has issued a notice of deficiency, the court reasoned that waiver of the notice ruled out injunctive relief. It is that order which taxpayer appeals.
 
 
 3
 Having had the benefit of oral argument, and after consideration of the briefs of the parties and of the record on appeal, we conclude that the district court did have jurisdiction under 26 U.S.C. Sec. 6213(a), and therefore reverse.
 
 
 4
 Taxpayer offered to settle his differences with IRS concerning his tax liability for 1976. The offer was conveyed by a signed IRS Form 870-AD (which had been prepared by IRS personnel) and a cover letter from taxpayer's attorney which referred to the issuance of a "statutory notice" as part of the terms of settlement. Preprinted language in the form pointed out that signing it operated as a waiver of a statutory notice of deficiency as a condition precedent to collection of tax deficiencies.
 
 
 5
 IRS says it accepted the terms of the offer contained in the form, but not the terms found in the cover letter.
 
 
 6
 The law of contracts instructs us that when an offeree varies the terms of a tendered offer, he has rejected the offer and tendered back to the offeror a counteroffer. As the initial offer has not been accepted, no binding agreement has resulted. If the counteroffer is not accepted, then it too is deemed terminated. See 17A Am.Jur.2d Contracts Secs. 63, 65, 76 (1991). Although the parties have engaged in a prolonged dispute over the precise terms of taxpayer's offer and whether IRS personnel had the authority to negotiate a settlement and solicit an offer based upon the terms submitted by taxpayer, it is undisputed that IRS took the position that the Commissioner's designee did not accept all the terms of the offer submitted by taxpayer. Accordingly, taxpayer's offer was not accepted, there was no agreement, and IRS is in no position to rely upon the waiver found in Form 870-AD. Because IRS has proceeded to collect a deficiency from taxpayer without issuing to him the required notice of deficiency, the district court did have jurisdiction to enjoin IRS, under the authority of 26 U.S.C. Sec. 6213(a). That is precisely the scenario alluded to by the government in its brief filed in the prior appeal, as quoted by the panel in its opinion:
 
 
 7
 The government's brief suggests that whenever the IRS seeks to collect the $31,138 deficiency, the taxpayers "could seek injunctive relief, based on the argument that the agreement is void and, as a result, the IRS may not pursue collection because it was required to but failed to issue a notice of deficiency."
 
 
 8
 Erdman v. United States, No. 85-3926, slip op. at 2 (6th Cir. Mar. 31, 1987).
 
 
 9
 Because the agreement was void, it follows that taxpayer did not waive issuance of the notice of deficiency, and that he is entitled to seek an injunction enjoining collection of the tax until such time as he receives the notice that will entitle him to litigate the dispute in the tax court.
 
 
 10
 The judgment of the district court is reversed and this cause is remanded to that court for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Bernard A. Friedman, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The district court's opinion appears at 624 F.Supp. 158 (S.D.Ohio 1985)
 
 
 [2]
 26 U.S.C. Sec. 6213 reads:
 (a) Time for filing petition and restriction on assessment.--Within 90 days ... after the notice of deficiency authorized in section 6212 is mailed ..., the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.... [N]o assessment of a deficiency ... and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day ... period, ... nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a) [the Anti-Injunction Act], the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court....
 26 U.S.C. Sec. 6213(a) (Supp.1993).